FILED

MAR 22 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FORM TO BE USED BY A FEDERAL PRISONER IN FILING A PETITION FOR WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241**

UNITED STATES DISTRICT COURT
~~DISTRICT OF~~  Columbia, (D.C.) Washington

NO. _____
(leave this space blank)

Case: 1:07-cv-00565
Assigned To : Unassigned
Assign. Date : 03/22/2007
Description: CORNELIUS TUCKER v. UNITED STATES OF AMERICA

Mr. Cornelius Tucker       Detainee
(enter full name of petitioner) Central Prison, 1300 Western Blvd, Raleigh, North Carolina,

v.                                    Inmate Number  0412703 State
                                                      23165-056 Federal
United States of America   District of Columbia

Warden In Lighthouse At Central Prison / United States Attorney General
(enter full name of respondent)

*******************************************************************************

1. Place of detention  Central Prison, 1300 Western Blvd, Raleigh, N.C. 27606

2. Name and location of court which imposed sentence  U.S. Eastern District Court / N.C.
   310 Newbern Ave. Ral NC 27602 ; Judge Terrence W. Boyle

3. List the indictment number(s) (if known) upon which sentence was imposed and the
   offense(s) for which sentence was imposed.  5:02-cr-235-1-Bo
   Title 18 U.S.C. Sec. 876 (12) Counts, 10 and (2) Supercedeas
   Communicating Threats Thru U.S. Postal Service

4. Give the date upon which sentence was imposed and the terms of the sentence
   January 26, 2005 Judgement Order: Not Guilty By-
   reason of insanity/incompetence  citations 18 U.S.C. sec 4242(b)(3);
   Judge Terrence W. Boyle; That Tucker currently Confined in State Custody
   upon release July 5, 2008, Be Confined For FBOP Treatment and Hearing
   Shall Be delayed until Tucker State 7-S-05 Prison release
   Detainee

5. Check whether a finding of guilty was made     NONE APPlicable

   ☐ After a plea of guilty

   ☐ After a plea of not guilty

   ☐ After a plea of <u>nolo</u> <u>contenders</u>

6. If you were found guilty after a plea of not guilty, check whether that finding was made by    ☐ a jury     Not applicable.

   ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of the sentence?

   ☒ yes                              ☐ no

8. If you answered "yes" to #7, list:

   (a) the name of each court to which you appealed:
   (1) U.S. e.dct/N.C. trial division.
   (2) U.S. Fourth Circuit Court of APPeals.
   (3) U.S. Supreme Court

   (b) the result in each court to which you appealed, and the date of each such result:
   (1) NONE, Malice denial
   (2) NONE   Malice denial
   (3) NONE,  Malice denial.

   (c) if known, the citations of any written opinion(s) or order(s) entered pursuant to such results:
   (1) N/A
   (2) N/A
   (3) N/A

9. State concisely the **grounds** on which you base your allegations that you are being held in custody unlawfully. Tucker seeks A new updated examination And Psychiatric Evaluation to determine his mental state of mind, since the Nov. 6. 04 eval, By Psychiatr. Kendrill Winder, A 6 mins. discussion IN shackles. Handcuffs, waistchain, mays An 1, Fractions- IN An Atypical, Significant hardship Setting. Initial and perfunctory Expedited-detainee He conclude that the 7/5/08 delay in the Hearing/eval. examination process is challengable, and that such mandated provisions require Amended, due to changed circumstances, And Never received An olin court Afferance in front of Judge Boyle's that At all times elevant Tucker Files petition to court. Am shite elequently to the prior presiding mags shortle

After July 5, 2005, state released.

(6) Tucker require Injunction Order for immediate title 18 U.S.C. Sec. 5003(a) Transfer to FBOP for Medical Exam, treatment, to overcome the Facade of Judge Boyle, Atty. Craven, and U.S. Atty. Cochenour engaging in conduct prejudicial to the effective and expeditious admin. of the Courts, to obtain the illegal capricious consent facade hearing which amount to a pretentious abuse of judicial office.

Habitual failure, as to Judge Boyle's continuous bad rulings against disabled persons.

Prosecutorial collusion with unreasonable ineffective counseling. Client trust fund account misrepresentations.

Judge Boyle and NC/U.S. Court Div. is unable to comprehend the nature of the "delayed treatment judgement. Not de minimis. Ethically related and morally intolerable unconstitutional, in this 2007 year, old, outdated, tyrannic, antiquated witchhunt hands off doctrine.

Worse than a conviction imposed to maime cripple, "iatrogenic illness"-related, causing often further prison mistreatments, abuse, due to no treatment caused by non-trained brutal prison staff, at a maximum prison, housed amongst death row prisoners also.

Trial Court is to country, to understand the principles of such law involved, the nature of fair proceedings. Respect for the disabled, or remember the circumstances. Yet rendering unfair judgements upon mentally ill.

This collateral order: requires (1) review, to determine "delay" dispute, counsel appointment from Georgetown Law School. See Cooper's Lybrand v. Livesay, 437 U.S. 463, 468 (1978), describing a collateral order as one that must conclusively determine the disputed question, resolve important precedence issue completely separately from the merits of the action.

Tucker Forces review, under habeas C. 2241 due to unusual extenuating circumstances, he is no longer ill

Objects to 7-5-2005 "DELAY"

(2.) That The District Court "Erred" in "delaying (order) re: 18 U.S.C. sec. 4243

The time constraint cause Atypical and significant hardship. And the order was positioned for that effect, simply to punish. The warden at Central Prison, in a N.C. ARP Grievance Answer, Marvin L. Polk, and Psychiatrist, Dr. Trivette, both agree. Tucker is no longer insane. Nor incompetent. This is not based upon time restraint but fundamental fairness, due process. And the discriminatory Judicial order.

West decision, Tucker competency, TN 2004 Court under Tuske/US, The U.S, At 362 U.S. 402 Citing U.S. VS Ben At 278 Fed. 30, 389, Pages 395. To 96. It's a 4th cir. case, decided 2002. Quote Tucker was rational, reasonable decree, Sufficient presence. However, Judge Boyle's and Attorney Craven, decided without Tucker Give Notice Held A One-Sided Non Consent hearing Facade to resemble a Consent hearing. Yet, without my Aforeknowledge, Counsel was busy purchasing bonds For Tucker and Fraudulently utilizing client funds from Tucker's decedent Mother, From Dec. 2003 Thru Feb. 2005, State Court of Claim Lawsuits, bar Complaints, And petitions to Judge Boyle's, U.S. Atty's Police M. Coffering and U.S Court. Judicial Standards Comm Complaint 4th Cir Court of Appeals This Court, 28.U.S.C Sec. 351, would have alerted Any Normal Judge, Plus Craven called Tucker A Lunatic, And asked Judge Boyle's for More Compel Fees because I Am A Loon, My 2016 State Conviction is Creative Residue Poss. To 10-y'rs. To review the issue of delay eval and treatment for schizophrenia bi-polar disorder disorders, And Epilepsy conditions, cause suffering And Punishment, Amounting to A "Witch-hunt prosecution Judicial Concordment" And Abusive misusage of Fundamental due Process and Protection

10. State concisely and in the same order the *facts* which support each of the grounds set out in #9. 1.) This Court has Jurisdiction/Venue to review the Facts. And it is impracticable For trial Court For Review due to Judge Boyle's roughshod review/dismissal recusal Con-Senate violation scheme. (2.) As A disability Person, Prior S.S. recipient And Found Insane. See. 42 USC Sec. 12101 And 12213, ADA Prevents discrimination. Tucker has No Plain Nor Adequate remedy at Law Unless This Court intervene. Judge Boyle's has a harvested of reversible ruling errors in ADA And disability cases overturned by Supreme Court and 4th cir, over 50 cases. (3.) A Person/Prisoner Found Insane Are Not to be Housed in A Prison Setting, Minus treatment, Similar to A death-Sentence, or Cancer Patient declared Malignant, but denied Full, Fair Adequate Medical treatment, but the diagnosis An "Oxymoron, (4) The Antiquated, Outdated, Draconian detained delayed treatment Require Attention/Modification Just as much as the death Sentence require modifying to desist Cruel And Unusual Punishment, (5) This Court has Jurisdiction to review The issue, That will be unreviewable

_HE was denied reasonable Counsel, The Judge refused to review Tucker Counsel dismissal Petitions, 6) Although Tucker had acting taken Craven before Granville Co, Strotechin Court 4 Cases, 2004 thru 2005._

11. Have you previously filed petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to this conviction?

☒ yes      ☐ no

12. If you answered "yes" to #11, list each petition, motion or application.

   (a) The specific nature thereof:
      (1) _Habeas Corpus 2255, 2241_
      (2) _Interloc. App._
      (3) _4th Cir Direct Appeal_

   (b) The name and location of the Court in which each was filed:
      (1) _U.S.e.d.Ct, N.C._
      (2) _4CCA._
      (3) _4CCA._

   (c) The disposition and date of each such disposition:
      (1) _N/A, denied reply_
      (2) _N/A No reply_
      (3) _N/A No answer_

   (d) The citations, if known, of any written opinion(s) or order(s) entered pursuant to each such disposition:
      (1) _N/A_
      (2) _N/A_
      (3) _N/A_

13. If you did not file a motion under 28 U.S.C. § 2255, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: _____

Facts underlying claim would be sufficient to establish by clear, convincing evidence, That but for trial constitutional error, The Delay of Exam No reasonable Fact finder would have found The Applicant for ordered Delayed Judgement, Minus Continuous Monitoring by The Court At first recognition of Insanity illness, to claim of Competence And/or immediate care treatment, Not Judicial Banishment, As Guardian. Such imprisonment reeks of Tyranny, outdated Monarchism Created For Punishment Not to reconcile, And Abolishes The "Newly Discovered Evidence, Due diligence exercise, and Continued observation of Such illness and treatment, Such Court immunity "bound to be disastrous." He Applies For remedy/relief, denied him.

14. Has any ground set forth in #9 been previously presented to this court or any other federal court by way of application for habeas corpus, motion under 28 U.S.C. § 2255, or any other petition, motion or application?

☑ yes          ☐ no

15. If you answered "yes" to #14, identify:
   (a) which grounds have been previously presented:
      (1) Delay of title 18 U.S.C sec Psychiatric Exam.
      (2) Impediment to Delay Evid, as Punishment
      (3) Judicial Misconduct/Abuse, disability
   (b) the proceeding in which each ground was raised:
      (1) Habeas, 2255
      (2) Habeas 2241
      (3) Direct Appeal, ACCA.

16. Were you represented by an attorney at any time during the course of
      (a) your arraignment and plea?   ☐ yes   ☑ no
      (b) your trial, if any?           ☐ yes   ☑ no
      (c) your sentence?                ☐ yes   ☑ no

Page 5 of 6

*Counsel craven filed Anders brief*

(d) your appeal, if any, from the judgment or conviction or the imposition of sentence? ☐ yes ☒ no

(e) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction which you filed? ☐ yes ☒ no

17. If you answered "yes" to one or more parts of #16, list:

(a) the name and address of each attorney who represented you:

(1) _____

(2) _____

(3) _____

(b) the proceedings at which each attorney represented you:

(1) _____ *None misrepresented* _____

(2) _____

(3) _____

Signed this *11th* day of *Feb.*, ~~19~~ *2007*

_____
Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

*2/11/07*   _____
Date        Signature of Petitioner

Page 6 of 6